MARGARET M. RYAN, administratrix, *vs.* NORTH END
SAVINGS BANK.

Middlesex.    March 3, 1897. — March 30, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Withdrawal by Guardian from Bank of Funds due to his Ward as
Administrator.*

A guardian has no authority to withdraw from a bank funds due to his ward as
administrator of an estate, and it is immaterial that at the time when the guar-
dian withdrew the funds there were no known debts due from the estate, and
that the ward was the sole distributee. Even if the time for proving debts has
elapsed, the guardian cannot intermeddle with the estate, but is bound to wait
until it is handed over to him by an administrator.

CONTRACT to recover a deposit in the defendant bank. The
case was submitted to the Superior Court, and, after judgment
for the plaintiff, to this court on appeal, upon agreed facts, in
substance as follows.

The plaintiff, who was the daughter of Catherine J. Ryan, and
her only heir at law, was appointed administratrix of her estate
on July 24, 1894. At the time of her death said Catherine had
a deposit in the defendant bank, which, with the dividends that
had accrued thereon, amounted on July 1, 1895, to $981.74, and
at the date of the writ would have amounted to $1,001.86 if
nothing had been withdrawn. There were no known debts due
from the estate of said Catherine at the time of the withdrawal
of the deposits hereinafter set forth, except the funeral expenses,
which had been paid by the plaintiff from her individual re-
sources, and the plaintiff had presented no charges for adminis-
tration. In February, 1895, the plaintiff was adjudged insane,
and one James F. Ryan was appointed her guardian. He filed
an inventory, and the above deposit was included. The plaintiff
was discharged from guardianship on January 28, 1896, and the
guardian was removed on March 10, 1896. This action was
brought on May 12, 1896. The plaintiff never withdrew any
portion of the deposit, or made any transfer thereof. On Octo-
ber 19, 1895, the guardian withdrew from the deposit $500, on
November 4, 1895, $100, and on November 14, $200. The money

withdrawn was not used for the benefit or support of the plaintiff. After the removal of the guardian and the discharge of the plaintiff from guardianship, and prior to the date of the writ, the plaintiff made demand on the defendant bank as administratrix of her mother's estate for the amount of the deposit as it had stood when the guardian was appointed, with accrued dividends thereon, and produced the deposit book; but the defendant refused to make payment. If the bank was authorized to pay the amounts withdrawn to the guardian, then the amount due the plaintiff at the date of the writ was $185.36.

*J. F. Sullivan*, for the defendant.

*W. B. Stevens*, for the plaintiff.

HOLMES, J. The plaintiff's guardian collected money due from the defendant to the plaintiff as administratrix of her mother's estate. The plaintiff and defendant are both innocent, and the question is which must suffer by this wrong act of a third person. In such cases, where there is no superior equity on either side, the answer often may depend upon technical considerations. The relation of guardian and ward of itself between James Ryan and the plaintiff gives the defendant no superior equity, and if the case stopped there it would be enough to say that a guardian has no authority to receive money due to his ward in a representative capacity as executor or administrator. It is argued, however, that the defendant's position is bettered by the facts that at the time when the guardian withdrew the funds there were no known debts due from the estate which the ward was administering, and that the ward was the sole distributee. But even if the time for proving debts had elapsed, which it had not, the guardian would have had no authority to intermeddle with the estate, but would have been bound to wait until it was handed over to him by an administrator, so that the defendant's case would not have been improved. It is not like those instances in which money has been paid to the party beneficially entitled to the fund at the moment, instead of to the party formally entitled to it in some fiduciary capacity. It is a payment to a person whose claim in any case is purely formal and not beneficial, so that when the formal right fails all justification for the payment is gone.

*Judgment for the plaintiff.*